MELISSA HATHAWAY et als. *vs.* GILMAN N. WILLIAMS.

SAME *vs.* SAME.

Washington.    Opinion September 1, 1909.

*Evidence.  "Rebuttal Evidence."   Exceptions.   Supreme Judicial Court
Rule XXXIX.*

Where evidence offered for a particular purpose, is excluded and exceptions
taken and allowed, the exceptions will not be sustained although the evi-
dence offered might be admissible upon another ground not brought to the
attention of the trial Judge.

In an action on contract wherein defendant denied liability, the plaintiff,
after the close of defendant's evidence, offered evidence tending to prove
an admission of liability by defendant, *held* that the evidence offered was
not in rebuttal and that exceptions do not lie to its exclusion.

On exceptions by defendant.    Overruled.

Two actions of assumpsit brought by the plaintiffs to recover for
the transportation of salt, dories and merchandise from Gloucester,
Mass., to Cutler, Maine.    Plea, the general issue in each case.
Presumably the two cases were tried together although the record
is silent on that point.    Verdict for the defendant in each case.
During the trial the plaintiffs offered certain evidence as "rebuttal
evidence" and the same was excluded and the plaintiffs excepted.

The case is stated in the opinion.

*C. B. & E. C. Donworth*, for plaintiffs.

*William R. Pattangall*, for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING,
BIRD, JJ.

BIRD, J.    Actions of assumpsit brought for the recovery of
freight, presumably tried together.    In each case, the plea was the
general issue and the verdict was for defendant.    From the bill of
exceptions it appears that one of the plaintiffs was called as a witness

in rebuttal and asked by his counsel certain questions preliminary to showing an admission of liability by defendant made some months before the trial.    Objection being made, the court intimated its belief that the inquiry was one calling for new matter.    Whereupon counsel for plaintiff, differing with the court, stated that defendant had denied all liability and that it was now proposed to show that he had admitted liability.    The court offering to admit the testimony, if omitted by inadvertence, counsel for plaintiff disclaimed inadvertence and declared a preference entertained from the beginning of the trial, to introduce the testimony in rebuttal rather than in chief.    The court ruled that the testimony proposed to be offered should have been put in as part of plaintiff's case in chief and was not rebuttal.    To this ruling, plaintiff excepted.

The bill of exceptions gives none of the evidence except that of one of the plaintiffs when called in rebuttal.    It is, therefore, not certain upon the record whether the denial of liability by defendant mentioned by plaintiff's counsel was that made by his plea or by evidence given by him at the trial, especially in view of the fact that it does not appear that defendant was called as a witness in defense.

It is doubtful if any question is properly before us.    *Jones* v. *Jones*, 101 Maine, 447, 450;    *Hix* v. *Giles*, 103 Maine, 439; *Allen* v. *Lawrence*, 64 Maine, 175;    *Gilman* v. *N. A. Ry. Co.*, 60 Maine, 235.

But waiving the irregularity and assuming that defendant testified at the trial denying liability, we think the exceptions must be overruled.    The evidence was avowedly offered for the purpose of showing an admission of liability by defendant.    No other purpose was mentioned or suggested.    Whether it was admissible for other purposes is not open to plaintiff:    *Lenfest* v. *Robbins*, 101 Maine, 176, 179;    *Lee* v. *Oppenheimer*, 34 Maine, 181, 185;    *Emery* v. *Vinall*, 26 Maine, 295, 303.    As evidence for the purpose mentioned, it was correctly held by the presiding Justice not to be in rebuttal but part of plaintiff's case in chief.    "The orderly course of proceeding requires, that the party, whose business it is to go forward, should bring out the strength of his proof, in the first instance; but it is competent for the judge, according to the nature

of the case, to allow a party who has closed his case to introduce further evidence. This depends on the circumstances of each particular case, and falls within the absolute discretion of the judge, to be exercised or not as he thinks proper." *Cushing* v. *Billings*, Shaw, C. J., 2 Cush. 158, 160 : Rule XXXIX. Sup. Jud. Court.

*Exceptions overruled.*